IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN GONZALEZ<br>2814 Memphis Street<br>Philadelphia, PA 19134<br><br>    Plaintiff,<br><br>  v.<br><br>ASSERO SERVICES, LLC d/b/a<br>ASSERO SERVICES<br>10 Canal Street, Suite 232<br>Bristol, PA 19007<br><br>    Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Jonathan Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant, Assero Services, LLC d/b/a Assero Services ("Defendant"), for unlawful disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 et seq. ("PHRA"),[1] and for common law wrongful discharge in violation of the public policy of the Commonwealth of Pennsylvania, seeking all damages, including, but not limited to, economic loss, compensatory, and punitive damages, as well as all other relief deemed appropriate under applicable law.

---

[1] A reference to claims under the PHRA is made herein only for notice purposes. Plaintiff's case was administratively closed with the EEOC and he has thus been required to timely initiate the instant lawsuit. However, he will seek leave to amend this complaint by adding identical claims (as alleged under ADA) under the PHRA once such claims are also fully administratively exhausted.

## PARTIES

2. Plaintiff is an individual.

3. Plaintiff is a citizen of the Commonwealth of Pennsylvania and is domiciled in Philadelphia, Pennsylvania.

4. Defendant is a Delaware limited liability company with its principal place of business located in Bristol, Pennsylvania.

5. At all times material hereto, Plaintiff was an "employee" of Defendant as defined by and within the meaning of the statutes that form the bases for this action.

6. At all times material hereto, Defendant was Plaintiff's "employer" as defined by and within the meaning of the statutes that form the bases for this action.

7. At all times material hereto, Defendant had more than fifteen (15) employees.

8. At all times material hereto, Plaintiff worked in Pennsylvania.

9. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment or agency and in furtherance of its business.

## JURISDICTION AND VENUE

10. The causes of action that form the legal bases of this action arise under the ADA and Pennsylvania common law.

11. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Count I of this action because the claims set forth therein arise under laws of the United States.

12. This Court, in accordance with 28 U.S.C. § 1367, has supplemental jurisdiction over Count II of this action because the claims set forth therein and the claims set forth in Count I arise from a common nucleus of operative fact.

13. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

14. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and, in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, making Defendant a resident of the Eastern District of Pennsylvania.

15. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and the PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## FACTUAL BACKGROUND

17. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

18. On or about June 6, 2016, Plaintiff was hired as a laborer at Defendant.

19. As a laborer, Plaintiff's job duties involved cleaning foreclosed houses, performing miscellaneous repairs, and doing other tasks as requested, including, but not limited to, landscaping.

20. During Plaintiff's employment at Defendant, he was a good, hardworking employee and performed his job duties in an effective manner.

21. In or about mid-August of 2016, Plaintiff suffered work injuries to his back, shoulder and neck when he was hit by a truck that was being driven by a co-worker. These injuries, at times, substantially limited Plaintiff's ability to perform certain activities, including, but not limited to, standing, walking, lifting, bending and working.

22. As a result of the back, shoulder and neck injuries suffered by Plaintiff in or about mid-August of 2016, Plaintiff visited Defendant's workers' compensation doctor, sought workers' compensation benefits, and requested and was granted a medical leave of absence, which lasted for approximately one (1) month.

23. In or about mid-September of 2016, after being cleared to return to work on light-duty by Defendant's workers' compensation doctor, Plaintiff requested to return to work with a light-duty reasonable accommodation in connection with his back, shoulder and neck injuries (discussed *supra*).

24. Defendant permitted Plaintiff to return to work with the requested light-duty reasonable accommodation for his work injuries in or about mid-September of 2016.

25. Following Plaintiff's return to work in or about September of 2016, Plaintiff requested time off for medical treatment in connection with the aforesaid work injuries and his workers' compensation.

26. After Plaintiff returned to work in or about September of 2016, he was treated in a hostile and negative manner by Defendant's management and some of his co-workers, including, but not limited to, having his hours cut, being forced to perform tasks that he was not supposed

4

to be performing while he was on light-duty, and being mocked for his physical limitations in connection with the aforesaid work injuries.

27. Following Plaintiff's return to work in or about September of 2016, another employee of Defendant told Plaintiff that he had overheard Plaintiff's supervisor, Ray (last name unknown), saying that Defendant was going to try to make Plaintiff perform tasks that he was not supposed to be performing while on light-duty and try to make Plaintiff quit.

28. On or about October 14, 2016, Plaintiff suffered work injuries to his back and pelvis when a co-worker dropped approximately fifty (50) pounds of sheetrock and debris on him from three (3) stories high. These injuries, at times, substantially limited Plaintiff's ability to perform certain activities, including, but not limited to, standing, walking, lifting and working.

29. As a result of the work injuries suffered by Plaintiff on or about October 14, 2016, an emergency room physician told Plaintiff that he needed to take one to two days off work. Ray accompanied Plaintiff on this trip to the emergency room and was present when the physician told this to Plaintiff.

30. On or about October 17, 2016, Plaintiff asked Defendant's management – including, but not limited to, his supervisor, Ray – if he could return to work, but was not permitted to do so.

31. On or about October 19, 2016, Plaintiff again asked Defendant's management – including, but not limited to, Ray – if he could return to work and was told that he could return on October 20, 2016.

32. On or about October 20, 2016, when Plaintiff attempted to return to work from his medical leave of absence, Ray told him that Defendant had terminated his employment, effective immediately.

33. Defendant's stated reason for terminating Plaintiff's employment was that Defendant wanted an eight-man crew, rather than a nine-man crew. This stated reason is pretextual.

34. Upon information and belief, Defendant retained less qualified and less senior employees following Plaintiff's termination.

35. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
([1] Actual/Record of/Perceived Disability Discrimination; [2] Failure to Accommodate; [3] Hostile Work Environment; & [4] Retaliation)

36. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

37. Plaintiff suffered from several health conditions that were "disabilities" as defined by and within the meaning of the ADA.

38. Plaintiff also had a record of and was perceived by Defendant as having a physical impairment that substantially limited certain major life activities.

39. At all times material hereto, Plaintiff was able to perform his job duties with or without a reasonable accommodation.

40. Plaintiff requested reasonable accommodations for his disabilities, including, but not limited to, medical leaves of absence and light-duty.

41. While Plaintiff was granted the light-duty accommodation that he requested, he was nonetheless ordered by Defendant's management to perform tasks that he was not supposed to perform while on light duty.

42. Approximately one week after Plaintiff requested a reasonable accommodation for his disabilities in the form of a one to two day medical leave of absence, Defendant terminated his employment on the day when he was to return to work from that medical leave of absence.

43. Defendant subjected Plaintiff to a hostile work environment and ultimately terminated his employment because of his actual/record of/perceived disabilities and/or his requests for reasonable accommodations.

44. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADA.

45. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein.

46. In committing the aforesaid violations of the ADA, Defendant acted with malice and/or showed willful and/or reckless indifference to the discriminatory and retaliatory practices complained of herein, warranting the imposition of punitive damages.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's unlawful acts unless and until this Court grants the relief requested herein.

48. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

49. No previous application has been made for the relief requested herein.

7

## COUNT II
## Common Law Wrongful Discharge
### (Public Policy Violation)

50. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

51. In close temporal proximity to Plaintiff's termination, Plaintiff visited Defendant's workers' compensation physician, sought workers' compensation benefits, and requested time off and light-duty in connection with work injuries.

52. After Plaintiff began seeking workers' compensation benefits, he was subjected to extreme hostility by his supervisor and co-workers.

53. On or about October 14, 2016 – approximately one week before Defendant terminated Plaintiff's employment – Plaintiff suffered a work injury and was accompanied to the emergency room by his supervisor, Ray. During that visit, the emergency room physician told Plaintiff and Ray that Plaintiff would need one to two days off from work in connection with the work injuries for which he was seeking treatment.

54. Upon information and belief, at the time of Plaintiff's termination on or about October 20, 2016, Defendant's management expected Plaintiff to seek workers' compensation benefits in connection with the work injury that he suffered on or about October 14, 2016.

55. Defendant terminated Plaintiff's employment because he claimed/sought workers' compensation benefits and because Defendant's management expected Plaintiff to seek additional workers' compensation benefits.

56. It is against the public policy of the Commonwealth of Pennsylvania for an employer to terminate an employee for seeking to exercise rights protected under the Workers' Compensation Act. *See, e.g., Shick v. Shirey*, 552 Pa. 590 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297 (2005).

57. Defendant wrongfully discharged Plaintiff in violation of the public policy of the Commonwealth of Pennsylvania.

## RELIEF

WHEREFORE, Plaintiff, Jonathan Gonzalez, seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief:

(a) Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

(b) Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(c) Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

(d) Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

(e) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

(f)     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorney for Plaintiff*

Dated: July 21, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JONATHAN GONZALEZ | CIVIL ACTION |
| v. | |
| ASSERO SERVICES, LLC d/b/a ASSERO SERVICES | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 7/24/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2814 Memphis Street, Philadelphia, PA 19134

Address of Defendant: 10 Canal Street, Suite 232, Bristol, PA 19007

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/24/2017      Attorney-at-Law      ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/24/2017      Attorney-at-Law      ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GONZALEZ, JONATHAN

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
ASSERO SERVICES, LLC d/b/a ASSERO SERVICES

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 751 Family and Medical Leave Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 7/24/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]